KUHN, J.
LThe defendant-appellant, Keith Morrison, appeals a workers’ compensation judgment of April 5, 2013, which we reverse.
Procedural History and Facts
Mr. Morrison was injured on January 11, 2008, while in the employ of United Recovery Group, LLC (United Recovery). Plaintiff-appellee, American Home Assurance Company (American Home), is the workers’ compensation insurer of United Recovery. It appears that Mr. Morrison originally filed a claim for workers’ compensation in docket Number 09-07382 in the Office of Workers’ Compensation (OWC). However, the record presented to this Court in the instant case arising out of Workers’ Compensation docket No. 13-00819 contains nothing from the record of the proceedings in the original claim. The nature of Mr. Morrison’s original compensation claim is not now before this court. Therefore, our knowledge of those proceedings is limited to the little we are able to infer from the brief references to those proceedings found in the transcript of the Workers’ Compensation hearing in the instant case and the various filings of the parties to the proceedings now before this Court.
On January 25, 2013, the instant proceedings were initiated when a “Disputed Claim for Compensation” was filed by American Home as the insurer of Mr. Morrison’s employer, United Recovery, on the grounds that Mr. Morrison failed to appear for “properly noticed second medical opinions with Dr. Najeeb Thomas on November 8, 2012 and January 8, 2013.” On March 13, 2013, for reasons that do not appear in the record, another identical “Disputed Claim for Compensation” was filed. However, contemporaneous with the filing of this second “Disputed Claim for Compensation,” American Home also filed a “Motion to Terminate/Reduce Benefits or Compel Second Medical Opinion.” This Motion alleged, inter alia, that Mr. Morrison had already received benefits in the form of |spayments to medical providers totaling $288,844.84. These payments are not disputed in these proceedings.
On March 14, 2013. the OWC issued a show cause order pursuant to this motion, *1075 returnable on April 5, 2013. On April 1, 2013, Mr. Morrison filed a pleading entitled, “Employee’s Exceptions and Defenses and Answer,” along with a supporting memorandum and exhibits. In this pleading, Mr. Morrison asserted the following exceptions:
1. Dilatory exception of prematurity.
2. Dilatory exception of nonconformity of the petition,
3. Dilatory exception of vagueness.
4. Preemptory exception of no cause of action.
5. Preemptory exception of no right of action.
Further, Mr. Morrison also asserted that the proceedings against him were unconstitutional by virtue of failing to allege a “Bona Fide Dispute” (see La. R.S. 23:1310(A)) and because his employer was seeking an advisory opinion.
At the hearing held on April 5, 2013, the OWC judge rendered oral reasons that were later followed by a written judgment and written reasons dated May 2, 2013. The May 2, 2013 judgment denied all of Mr. Morrison’s exceptions; denied his claims of unconstitutionality; granted American Home’s motion to compel a second medical opinion, but ordered United Recovery to provide transportation; denied American Home’s motion to suspend benefits; denied Mr. Morrison’s oral motion for sanctions; denied Mr. Morrison’s oral motion to amend the petition, but allowed that once the stay was lifted, Docket No. 09-07382 “may be amended for actions predicated in this docket;” and dismissed the instant case, i.e., Docket No. 13-00.819.
On April 17, 2013, after the rendering of the oral judgment, but priorto the May 2, 2013 issuance of the written judgment and reasons in support thereof, Mr. 14Morrison filed a Motion to Stay in order to permit him to take writs to this Court, which was denied. At the same time, he filed a notice of intention to apply for writs to this Court, which was ordered returnable on May 31, 2013. Prior to this return date, on May 29, 2013, Mr. Morrison filed a Motion for Devolutive Appeal pursuant to which this case is now before this Court.
Assignments of Error
Mr. Morrison asserts three assignment of error. However, they all relate to whether or not certain statutes should have retroactive effect and, therefore, shall be considered as one.
Louisiana Revised Statutes 23:1314 was referred to by the OWC as the “Prematurity Statute.” Mr. Morrison contends that the Disputed Claim for Compensation filed below by the appellee was prematurely filed as it failed to meet any of the four enumerated requirements set forth in R.S. 23:1314(A):
A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefore has been made under this Chapter; or
(4) The employer or . insurer has not paid penalties or attorney’s fees to which *1076 the employee or his dependent is entitled.
It is undisputed that the Disputed Claim for Compensation meets none of these four exceptions to prematurity. However, the appellee seeks to avail itself of the benefit of La. Acts 2012, No. 860, § 1, whereby this statute was amended to add the following as La. R.S. 23:1314(E):
| .^Notwithstanding any other provision of this Section, the employer shall be permitted to file a disputed claim to controvert benefits or concerning any other dispute arising under this Chapter. [Emphasis added.]
This amendment, if applicable, would arguably permit the filing of the Disputed Claim for Compensation as timely. However, this provision was not in effect when Mr. Morrison was injured in 2008. Mr. Morrison contends that it is substantive in effect and cannot constitutionally be applied retroactively. Mr. Morrison does not dispute the fact that if instead it is deemed to be procedural or remedial in nature then it can be applied retroactively. The OWC noted that La. R.S. 23:1310 was in effect at the time Mr. Morrison was injured. It provides for the filing of disputed claims:
A. If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the state office, or the district office where the hearing will be held,, on a form to be provided by the director.
B. In addition to any other information required by the director, the claim shall set forth the time, place, nature, and cause of the injury, the benefit in dispute, and the employee’s actual earnings, if any, at the time of the filing of the claim with the office.
[Emphasis added.]
Thus, the GWC noted that under La. R.S. 23:1310 the employer’s right to file a claim was established prior to the date of the injury. We agree. The OWC further noted that the prematurity bar that was found in La. R.S. 23:1314 at the time of the injury was procedural in nature. Therefore, when it was amended to permit the filing by the employer of claims such as the one filed in these proceedings, without the necessity of waiting for the occurrence of any of the factors listed in part “A” of the statute, the amendment was procedural in nature and, consequently, retroactive. We agree.
Additionally, the OWC noted that:
| fiIn 1999, Hearing Officer Rule 5501B(1) was amended to define “claimant” as “the injured employee, the employer, the insurance carrier, the group self-insurance fund, the health care provider, or a dependent.” [Emphasis added.]
The OWC “found it was the legislature’s intent to have the Prematurity statute reflect the cause of action already in effect.” We agree. None of the cases cited by Mr. Morrison are relevant to the time period during which La. R.S. 23:1314(E), as amended by La. Acts 2012, No. 860, § 1, was in effect. If that were all there were to this issue, we would agree with the appellee and affirm the trial court.
But Mr. Morrison points out that matters did not end with the rendering of the judgment below. He notes that La. R.S.; 23:1314 was again amended, replacing the language relied upon by the appellee in 23:1314(E), with the following language adopted by La. Acts 2013, No. 337, § 1:
(2) Notwithstanding any other provision of this Section, the employer or payor shall be permitted to file a disputed *1077 claim against a person or entity other than an injured employee, his dependent, or beneficiary concerning any other dispute arising under this Chapter. [Emphasis added.]
The effective date of this amendment was August 1, 2018, after the judgment below was rendered and after Mr. Morrison filed this appeal. Nonetheless, Mr. Morrison contends that this amendment should be applied retroactively, making what might be characterized as a “what is sauce for the goose is sauce for the gander” type of argument, i.e., if the 2012 amendment relied upon by the appellee is to be given retroactive effect, then the 2013 amendment should also be given retroactive effect. We agree. The argument that the 2013 amendment should be given retroactive effect is, in fact, even stronger than the argument to the same effect regarding the 2012 amendment, because when the 2013 amendment was enacted, the legislature specified that it be given retroactive ^effect.[1] The legislature was silent on the subject when it enacted the 2012 amendment.
Having determined that the 2013 amendment is to be given effect retroactively, we now turn to the question of whether it is-too late to raise that issue when the effective date of the retroactive statute occurs after judgment is rendered. Mr. Morrison relies on Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, cert. den. sub nom., Allstate Ins. Co. v. La. Ins. Guar. Ass’n, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), in support of his argument that the rendering of the judgment below prior to the effective date of the 2013 amendment does not prevent its retroactive application. We agree based on our reading of Segura:
The third circuit noted that at the time of the proceedings in the trial court, Act 237 of 1992 had not yet been passed and “could not have been considered by the trial judge, much less applied to these proceedings.” The court concluded that “in the normal scheme of events” the applicability of the 1992 amendment should not be argued for the first time on appeal. If the third circuit is correct, then we need not consider LIGA’s argument that the 1992 amendment applies.
The general rule is that appellate courts will not consider issues raised for the first'time on appeal. Another general rule, however, is that an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered. Needless to say, where the law has changed after the trial court’s decision, the applicability of the new law can be argued for the first time only on appeal.
[[Image here]]
In light of the foregoing, we conclude a claim is pending as long as it is subject to judicial scrutiny. Even though a lower court has adjudicated a claim and rendered judgment, the claim continues to be pending until appeal of that judgment has been exhausted. Until then, something further remains to lsfix the plaintiffs right to enforce the claim as well as the defendant’s obligation to pay it.
*1078 Segura, 630 So.2d at 725 & 727. [Citations omitted.] [Footnote omitted.]
Retroactive application would not impose an inequitable result in this case, given that American Home requested retroactive application of the 2012 amendment to the same statute in the OWC. See Wilson ex rel. Wilson v. Landry, 98-2365 (La.App. 1st Cir.12/28/99), 748 So.2d 655, 661, writ denied, 00-0260 (La.3/24/00), 758 So.2d 155. Where the position of the ap-pellee is predicated on a retroactivity argument, it is offensive to the sense of fair play and justice to deny to the appellant the benefits of retroactivity when the retroactive nature of the 2013 statute upon which he bases his argument is so much stronger than that of the 2012 statute upon which appellee relies. In other words, if the 2012 statute has retroactive effect, the 2013 statute is even more clearly retroactive, and Mr. Morrison prevails. Conversely, if the 2013 statute does not have retroactive effect, then the 2012 statute even more clearly does not have retroactive effect and Mr. Morrison prevails. Consequently, once this Court decided to apply Segura, thereby permitting the consideration of the retroactive effect of the 2013 amendment for the first time on appeal, Mr. Morrison must prevail.
CONCLUSION
For the foregoing reasons, the judgment below is reversed and judgment is hereby rendered in favor of the defendant-appellant, Mr. Morrison, and against the plaintiff-appellee, American Home, dismissing its claim in its entirety. As the law upon which this judgment is based did not go into effect until after the judgment below had been rendered and this appeal had been filed, each party is to bear its own costs.
REVERSED AND RENDERED.
HIGGINBOTHAM, J. concurs.
THERIOT, J. concurs.

. Section 2 of La. Acts 2013, No. 337, states, "This Act is declared to be remedial, curative, and procedural and therefore is to be applied retroactively as well as prospectively.”